ARMSTRONG, Judge.
Third-party defendant, The State of Louisiana ex rel William J. Guste, Jr., appeals the trial court’s granting of defendant/third-party plaintiff’s, Dr. Franklin E. Minyard, Jr., “Coroner”, Motion for Partial Summary Judgment on his third-party demand which orders the Attorney General “AG” to defend the Coroner in this lawsuit. We affirm the trial court’s judgment.
On or about November 11, 1985, Joseph Polkey, his sister, Louisa Parria and his niece, Ruth P. Ricca filed a petition for damages against the City of New Orleans seeking damages for injuries allegedly suffered as a result of the Coroner and Criminal Sheriff’s erroneous identification of a badly decomposed body of an old man as *406 that of Joseph Polkey. This erroneous identification caused the plaintiffs to pay the burial expenses to have an unrelated person buried in a family plot.
On April 8, 1986 the Coroner filed a cross-claim against the City of New Orleans alleging that the Coroner was entitled to a defense by the “Attorney General for the Parish of Orleans and to complete indemnification by the City of New Orleans pursuant to La.R.S. 42:261.” An Exception of No Cause of Action and/or No Right of Action was also filed by the Coroner. Additionally, on May 7, 1986 a Motion for Summary Judgment was filed on behalf of the Coroner. On June 27, 1986, the trial court rendered judgment dismissing the exception and denying the Motion for Summary Judgment. On July 14, 1986, an answer was filed generally denying the allegations of the complaint. In September, 1986, the City answered the original complaint and the cross-claim asserted by the Coroner.
On March 11, 1987, the Coroner filed a Motion for Partial Summary Judgment on his cross-claim against the City of New Orleans. This motion was denied. On July 9, 1987, the Coroner filed a third-party demand against the State of Louisiana making the same claims that constituted his cross-claim against the City. On January 26, 1988, the Coroner filed a Motion for Partial Summary Judgment on the issue of the liability of the State to defend and indemnify the Coroner. The court granted the Coroner’s motion in so far as it ordered the State to provide a defense to the Coroner in this case. The State appeals.
On appeal, the State argues: 1) That it was error for the trial court to apply La. R.S. 42:261 to the facts of this case. Additionally the State urges that by applying La.R.S. 42:261 the trial court ignored La. R.S. 13:5108.2 and R.S. 42:1441 et seq. which specifically exclude coroners from that class of public officials entitled to be defended and/or indemnified by the State. 2) The trial court erred in requiring the AG to represent the Coroner when it would constitute a violation of Rule 1.7 of The Rules of Professional Conduct which imposes on the AG a duty to uphold the state statutes. 3) Finally the trial court erred in not ruling that the Coroner’s right to a defense by the state prescribed prior to the filing of his third-party demand.
This appeal is pursuant to the trial court’s granting of a Partial Motion for Summary Judgment. We decline to address the issue of indemnification because the trial court’s judgment is limited to requiring the AG to defend the Coroner in the damage suit. La.R.S. 13:5108.2 and La.R.S. 42:1441 are solely concerned with indemnification and do not make reference to a defense. The trial court relied on La.R.S. 42:261(A) which provides:
Except as provided by Subsection C of this section or as otherwise provided by law, the attorney general for the parish of Orleans and the district attorneys of the several judicial districts other than the parish of Orleans, shall ex officio and without extra compensation, general or special, be the regular attorneys and counsel for the parish governing authorities, parish school boards, and city school boards within their respective districts and of every state board or commission domiciled therein, the members of which, in whole or in part, are elected by the people or appointed by the governor or other prescribed authority, except the state boards and commissions domiciled at the city of Baton Rouge, and all boards in charge or in control of state institutions.
The trial court classified the Coroner as part of the parish governing authority. He is an elected official vested with quasi-judicial responsibility. See: Mullins v. State, 387 So.2d 1151 (La.1980). The phrase “Attorney General for the parish of Orleans” is obviously a misnomer. There is no such office. However, one merely has to look to the language of La.R.S. 42:261 prior to its 1974 amendment to learn that the legislature is referring to the State Attorney General. Act 696 changed the relevant phrase from the “Attorney General in the Parish of Orleans” to the “Attorney General for Orleans parish.” There is nothing by way of legislative history or in the comments to support the propostion that the legislature *407 intended to take away from the AG’s office a duty that had been imposed on it since 1912.
Assignments of error 2 and 3 both lack merit. The AG’s representation of the Coroner does not pose a violation of Rule 1.7 of the Rules of Professional Conduct because La.R.S. 13:5108.2(C)(4) provides options, such as securing special counsel to represent the office or employee at the State’s expense, when the AG’s representation would present a conflict of interest. Nor do we find that the Coroner’s demand is subject to the one year liberative prescription of La.C.C. Art. 3492. As revealed by the comments to Art. 3492, the notion of delictual liability includes: intentional misconduct, negligence, abuse of right, and liability without negligence. The Coroner’s third-party demand against the State is based on his entitlement to a defense by the AG. Article 3492 is not applicable to such a demand.
La.C.C.P. Art. 1067 is not a prescription statute but an exemption statute. Because we find that the Coroner’s third-party demand is not subject to prescription it is not relevant whether Art. 1067 would operate to exempt it.
For the foregoing reasons, we affirm the trial court’s judgment.
AFFIRMED.